FILED

1  Kathy Quynh Lee
   10291 Trask Ave.
2  Garden Grove, CA 92843
   714-273-4973
3

4  Defendant, Pro Se

5

6

7

8              **UNITED STATES DISTRICT COURT**

9              **CENTRAL DISTRICT OF CALIFORNIA**

10                    **CENTRAL DIVISION**

11

12                                    **SACV13·01131 BRO(SHx)**

KATHY QUYNH LEE, an individual,        ) CASE NO.:
13                                     )
                                       )
14            Plaintiff,               )
                                       ) **COMPLAINT FOR VIOLATIONS OF**
15       v.                            ) **THE FAIR DEBT COLLECTION**
                                       ) **PRACTICES ACT AND FOR**
16  AMERICAN EXPRESS BANK; and         ) **VIOLATIONS OF THE FAIR CREDIT**
    LVNV FUNDING, LLC, ASSIGNEE OF     ) **REPORTING ACT**
17  BANK OF AMERICA, THE MOORE LAW     )
    GROUP, A PROFESSIONAL              )
18  CORPORATION: HARVEY M. MOORE,      )
    ESQ., SHELIA SHAHRIYARPOUR, ESQ.,  ) **DEMAND FOR JURY TRIAL**
19  THE BRACHFELD LAW GROUP: ERICA L.  )
    BRACHFELD, ESQ.                    )
20                                     )
                                       )
21            Defendant.               )
                                       )
22                                     )
                                       )
23

24        Plaintiff, KATHY QUYNH LEE, (hereinafter "Plaintiff"), brings her complaint against

25  AMERICAN EXPRESS BANK and LVNV FUNDING, LLC, ASSIGNEE OF BANK OF

26  AMERICA FUNDING, LLC ASSIGNEE OF BANK OF AMERICA, THE MOORE LAW

27  GROUP, A PROFESSIONAL CORPORATION: HARVEY M. MOORE, ESQ., SHELIA

28

1   SHAHRIYARPOUR, ESQ., THE BRACHFELD LAW GROUP: ERICA L. BRACHFELD, ESQ.

2   (hereinafter "Defendants"), for violations of the Fair Debt Collection Practices Act, 15 U.S.C. §

3   1692 *et seq.* (hereinafter "FDCPA"), and for violations of the Fair Credit Reporting Act, 15 U.S.C.

4   § 1681 *et seq.* (hereinafter "FCRA"), alleges as follows:

5

6   **PRELIMINARY STATEMENT FDCPA**

7       1.      The FDCPA regulates the behavior of collection agencies attempting to collect a

8   debt on behalf of another. The United States Congress has found abundant evidence of the use of

9   abusive, deceptive, and unfair debt collection practices by many debt collectors, and has

10  determined that abusive debt collection practices by many debt collectors, and has determined that

11  abusive debt collection practices contribute to a number of personal bankruptcies, marital

12  instability, loss of jobs, and invasions of individual privacy.  Congress enacted the FDCPA to

13  eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors

14  who refrain from using abusive debt collection practices are not competitively disadvantaged, and

15  to promote uniform state action to protect consumers against debt collection abuses. 15 U.S.C. §

16  1692(a)-(e).

17      2.      The FDCPA is a strict liability statute, which provides for actual or statutory

18  damages upon the showing of one violation.  The Ninth Circuit has held that whether a debt

19  collector's conduct violates the FDCPA should be judged from the standpoint of the "least

20  sophisticated" consumer. *Baker v. G.C. Services Corp.,* 677 F.2d 775, 77(9th Cir. 1982) 8;

21  *Swanson v. Southern Oregon Credit Service, Inc.* 869 F.2d 122, 1227 (9th Cir. 1988). This

22  objective standard "ensure[s] that the FDCPA protects all consumers, the gullible as well as the

23  shrewd…the ignorant, the unthinking and the credulous." *Clomon v. Jackson* 988 F. 2d 1314,

24  1318-19 (2nd Cir. 1993).

25      3.      To prohibit deceptive practices the FDCPA at 15 U.S.C. § 1692 e, outlaws the use

26  of false, deceptive, and misleading collection letters and names a non-exhaustive list of certain per

27  se violations of false and deceptive collection conduct.  15 U.S.C. § 1692 e(1)-(16).  To prohibit

28

harassment and abuses by debt collectors, the FDCPA at 15 U.S.C. §1692d, further provides that a debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt and names a non-exhaustive list of certain per se violations of harassing and abusive collection conduct. 15 U.S.C. §1692d(1)-(6).

4.     The FDCPA also prohibits, at 15 U.S.C. §1692c, without the prior consent of the consumer given directly to the debt collector, or the express permission of a court of competent jurisdiction, or as reasonably necessary to effectuate a post judgment judicial remedy, communication by a debt collector in connection with the collection of any debt, with any person other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector.

## PRELIMINARY STATEMENT FCRA

1.     Congress enacted the FCRA to establish consumer rights to privacy over their credit and financial information and to ensure the "[a]ccuracy and fairness of credit reporting." 15 U.S.C. § 1681.

2.     The FCRA, under Congressional Findings and Statement of Purpose, 15 U.S.C. § 1681(a)(4) reads in relevant part: "there is a need to insure that consumer credit reporting agencies exercise their grave responsibilities with fairness, impartiality, and **a respect for the consumer's right to privacy**." (Emphasis added).

3.     The FCRA, under Congressional Findings and Statement of Purpose, 15 U.S.C. § 1681(b) reads in relevant part: "Reasonable procedures. It is the purpose of this title to require that consumer reporting agencies adopt reasonable procedures for meeting the needs of commerce for consumer credit, personnel, insurance, and other information in a manner which is fair and equitable **to the consumer** with regard to the **confidentiality**, accuracy, relevancy, and proper utilization of such information in accordance with the requirements of this title." (Emphasis added).

4.     The statute governing "permissible purposes of consumer reports," FCRA 15 U.S.C. §1681b, provides in pertinent part: "(a) In general.  Subject to subsection (c) of this section, any consumer reporting agency may furnish a consumer report under the following circumstances **and no other."** (Emphasis added).

5.     Thus the strictly limited provisions set forth in §1681b operate to support the confidentiality of consumer reports by limiting their dissemination.

6.     The FCRA regulates credit reporting agencies as well as creditors, collection agencies, and other parties who provide information to credit reporting agencies and/or obtain and use the consumer credit reports. 15 U.S.C. §1681b identifies the permissible purposes allowed under the act for conducting credit reviews on consumers.

7.     15 U.S.C. §1681n and 1681§o, create private right of action consumers can bring against violators of any provision of the FCRA with regards to their credit.  In *DiMezza v. First USA Bank, Inc.,* 103 F. Supp.2d 1296, 1300 (D.N.M. 2000) the court confirmed that "…the plain language of [15 U.S.C.  § 1681n and §1681o] provide a private right of action for a consumer against furnishers of information who have willfully or negligently failed to perform their duties upon notice of a dispute…there is a private right of action for consumers to enforce the investigation and reporting duties imposed on furnishers of information." *DiMezza v. First USA Bank, Inc.,* 103 F. Supp.2d 1296, 1300 (D.N.M. 2000).

## JURISDICTION, VENUE, AND DEMAND FOR JURY TRIAL

5.     Jurisdiction of this court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

6.     Plaintiff has performed all conditions precedent to the bringing of this action.

7.     Defendant regularly conducts business in the state of California, therefore establishing personal jurisdiction.

8.     Venue in this District is proper pursuant to 28 U.S.C. § 1391(a) and 15 U.S.C. § 1692, in that Defendant regularly conducts business in this District and the occurrences which give

COMPLAINT FOR VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT AND FOR VIOLATIONS OF THE FAIR CREDIT REPORTING ACT

1   rise to this action occurred in this district.  Further, Plaintiff resides in this district.

2      9.      Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff hereby

3   demands a jury trial on any and all issues qualified for a jury trial.

4

5                          **PRIVATE RIGHT OF REMEDY**

6      10.     15 U.S.C. §1692k(a)(1) and (a)(2)(A) state that "…any debt collector who fails to

7   comply with any provision of this title with respect to any person is liable to such person in an

8   amount equal to the sum of any actual damage sustained by such person as a result of such failure;

9   in the case of any action by an individual, such additional damages as the court may allow, but not

10  exceeding $1,000."

11                                  **PARTIES**

12     11.     Plaintiff, KATHY QUYNH LEE, a natural person, is an adult individual who

13  resides in the City of Garden Grove, in the County of Orange, in the State of California.

14     12.     Plaintiff is a consumer as defined by 15 U.S.C § 1692a(3), and is a "person" as

15  defined by 15 U.S.C. § 1681a(b).

16     13.     Plaintiff is informed, believes, and thereon alleges that Defendant is a

17  Corporation, and regularly conducts business in the state of California.

18     14.     Defendants, AMERICAN EXPRESS BANK and  LVNV FUNDING, LLC,

19  ASSIGNEE OF BANK OF AMERICA FUNDING, LLC, ASSIGNEE OF BANK OF AMERICA,

20  THE MOORE LAW GROUP, A PROFESSIONAL CORPORATION: HARVEY M. MOORE,

21  ESQ., SHELIA SHAHRIYARPOUR, ESQ., THE BRACHFELD LAW GROUP: ERICA L.

22  BRACHFELD, ESQ.  operates as a collection agency, and is a debt collector as defined in 15

23  U.S.C. § 1692a(6) and a person as defined in 15 U.S.C. § 1681a(b).

24     15.     Defendants is an entity is who, at all relevant times was engaged, in the business of

25  attempting to collect a "debt" from Plaintiff by use of mail, as defined by 15 U.S.C. § 1692a(5).

26     16.     Defendants regularly attempts to collect consumer debts alleged to be due to

27  another.

28

                                        5
    COMPLAINT FOR VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT AND FOR
                  VIOLATIONS OF THE FAIR CREDIT REPORTING ACT

17.     The Defendants regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another that arose out of transactions in which the money, property or services which are the subject of the transactions are primarily for personal, family or household purposes.

18.     Wherever this complaint alleges that any Defendants did any act or thing, it is meant that it, its directors, officers, agents, employees, or the directors, agents or employees of its subsidiaries, performed or participated in such act or thing, and in each instance that such act or thing was authorized or ratified by, and done on behalf of and under the direct control of that Defendants.

19.     Plaintiff is informed and believes and thereon alleges that Defendants are responsible for the acts, occurrences and transactions as officers, directors, or managing agents of Defendants or as its agents, servants, employees and/or joint venturers and as set forth in this complaint, and that each of them is legally liable to Plaintiff as set forth below and herein:

   a.     Said officers, directors, or managing agents of Defendants personally acted willfully with respect to the matters alleged in this Complaint;

   b.     Said officers, directors, or managing agents of Defendants personally authorized, approved of, adopted, and/or ratified the acts alleged herein or the agents, servants, employees and/or joint venturers of Defendants did so act;

   c.     Said officers, directors, or managing agents of Defendants personally participated in the acts alleged herein of Defendants;

   d.     Said officers, directors or managing agents of Defendants personally had close supervision of their agents, servants, employees and/or joint venturers of Defendants;

   e.     Said officers, directors or managing agents of Defendants personally were familiar with the facts regarding the matters alleged herein;

   f.     Said officers, directors or managing agents of Defendants personally failed to investigate the circumstances appertaining to the acts alleged herein. They also failed and refused to repudiate the herein alleged actions and failed to redress the harm done to

COMPLAINT FOR VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT AND FOR VIOLATIONS OF THE FAIR CREDIT REPORTING ACT

Plaintiff. Further, said officers, directors or managing agents, servants, employees and/or joint venturers of Defendants, even after learning of the acts of the agents, servants, employees and/or joint venturers of Defendants.

20.     Defendants are liable to Plaintiff for the relief prayed for in this Complaint, and any future amended Complaint. Further, Plaintiff alleges that each act alleged herein, whether by a named Defendant was expressly authorized or ratified by the Defendants.

## FIRST CAUE OF ACTION FOR VIOLATIONS OF FDCPA

21.     Plaintiff, KATHY QUYNH LEE, alleges that the foregoing events, starting from the date of discovery of the acts by Defendants, AMERICAN EXPRESS BANK and LVNV FUNDING, LLC, ASSIGNEE OF BANK OF AMERICA, ASSIGNEE OF BANK OF AMERICA, THE MOORE LAW GROUP, A PROFESSIONAL CORPORATION: HARVEY M. MOORE, ESQ., SHELIA SHAHRIYARPOUR, ESQ., THE BRACHFELD LAW GROUP: ERICA L. BRACHFELD, ESQ. which are the subject of this complaint, occurred within the past year.

22.     On September 7, 2012, Plaintiff obtained her consumer reports from TransUnion, Experian, and Equifax and was shocked to find that Defendants had placed inaccurate and derogatory information in Plaintiff's TransUnion, Experian, and Equifax consumer report regarding a non-existent alleged debt Defendants were attempting to collect on 09/07/2012 without Plaintiff's knowledge or authorization.

23.     TransUnion, Experian, and Equifax are consumer reporting agencies within the meaning of FCRA, 15 U.S.C. § 1681a(f).

24.     Consumer report is a consumer report within the meaning of the FCRA, 15 U.S.C. §1681a(d).

25.     Upon research and review of company's profile available online, Plaintiff learned that Defendants are a collection agency that is in the business of collecting consumer debts.

26.     Upon information and belief, at some point Defendants must have tried to purchase debts alleged to be owed by Plaintiff, considered purchasing debts alleged to be owed by Plaintiff,

1   been assigned debts alleged to be owed by Plaintiff, or looked into Plaintiff's history as a potential

2   debtor for overdue and unsatisfied account balances to collect on.  At no point prior to the credit

3   reviews did Plaintiff know of any such debts confirmed or alleged by Defendant to be the

4   responsibility of the Plaintiff.

5       27.     Defendant violated 15 U.S.C. §1681 by running credit inquiries into Plaintiff's

6   consumer credit reports maintained by and with one or more of the three major credit reporting

7   agencies, Experian, Equifax, and TransUnion, without Plaintiff's knowledge or authorization, and

8   without having permissible purposes for conducting a credit review as defined under 15 U.S.C. §

9   1681b.

10      28.     Specifically, on 09/07/2012, Defendant violated 15 U.S.C. §1681, by pulling

11  Plaintiff's consumer credit reports without the knowledge or consent of Plaintiff.  Plaintiff had not

12  requested reports from the Defendant for purpose of extending credit, employment, insurance

13  underwriting, or any other purposes allowed under this section. Defendant's credit reviews

14  resulted in credit inquiries reflecting on Plaintiff's credit reports. (*see* Exhibit A, B, C and D).

15      29.     At or about the time Defendant initiated the credit pulls of Plaintiff's consumer

16  report:

17          a.     Plaintiff did not authorize consumer reporting agency to furnish his

18      consumer report to Defendant

19          b.     Plaintiff did not authorize Defendant to obtain her consumer reports from

20  consumer reporting agencies;

21

22          c.     Plaintiff did not apply for any credit, loans, or services with Defendants;

23          d.     Plaintiff did not have any contractual relationship for credit, loans or

24      services with Defendants;

25          e.     Plaintiff did not owe any debts to the Defendants;

26          f.     Plaintiff did not apply for any employment with Defendants

27          g.     Plaintiff did not apply for any insurance with Defendants.

28

COMPLAINT FOR VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT AND FOR
VIOLATIONS OF THE FAIR CREDIT REPORTING ACT

1          h.     Plaintiff did not have any existing account(s) within the meaning of the

2    Electronic Fund Transfer Act ("EFTA")  § 903(2), pursuant to 15 U.S.C. § 1681a(f)(4)

3    "the term 'account' means a demand deposit, savings deposit, or other asset account (other

4    than an occasional or incidental credit balance in an 'open end credit plan' as defined in

5    §1602(i) of this title), as described in regulations of the Board, established primarily for

6    personal, family, or household purposes, but such term does not include an account held by

7    a financial institution pursuant to a bona fide trust agreement...the terms 'open end credit

8    plan' and 'open end consumer credit plan' mean a plan under which the creditor

9    reasonably contemplates repeated transactions, which prescribes the terms of such

10   transactions, and which provides for a finance charge which may be computed from time

11   to time on the outstanding unpaid balance" or credit obligation with Defendants;

12         j.     Plaintiff did not issue any order to credit reporting agencies to furnish

13   Plaintiff's consumer report to Defendants;

14         k.     No head of state or local child support enforcement agency requested credit

15   reporting agencies to provide Plaintiff's consumer reports to Defendants;

16         l.     No agency administering a state plan under § 454 of the social security act

17   (42 U.S.C. § 654) requested credit reporting agencies to provide Plaintiff's consumer

18   report to Defendants;

19         m.     Plaintiff did not apply for any license or other benefit granted by a

20   government instrumentality through Defendants;

21

22         n.     Plaintiff did not receive any "firm offer of credit or insurance" from

23   Defendants

24       30.     Defendants violated 15 U.S.C. § 1681 by ignoring Plaintiff's written disputes and

25   requests for proof that the credit inquiries were run for a purpose recognized by law.

26       31.     Defendants conducted the above described credit reviews of Plaintiff's records

27   without communicating to him any alleged debts or confirming the validity of the same, even if

28

COMPLAINT FOR VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT AND FOR
VIOLATIONS OF THE FAIR CREDIT REPORTING ACT

1  such alleged debts did exist and were in its possession for collections.

2      32.    On March 20, 2013, Plaintiff sent letters to each credit reporting agency, via United

3  States Postal Service -TransUnion Consumer Solutions, Equifax Credit Information Services, Inc;

4  and Experian Corporation, regarding LVNV FUNDING Acc# 854616XXXX (Exhibit A),

5  addressing the unauthorized credit reviews and requesting deletion of the credit inquiries from

6  Plaintiff's credit files, unless Defendant could provide and support a justifiable purpose for

7  conducting the disputed credit reviews.  A letter of validation of debt was sent to LVNV

8  FUNDING on March 20, 2013 (Exhibit B). A letter of validation of debt was sent to AMERICAN

9  EXPRESS on March 20, 2013 (Exhibit C).  On June 1, 2013, A second demand letter of validation

10  of debt was sent to LVNV FUNDING (Exhibit D).

11      33.    Plaintiff's numerous letters was an effort to place Defendants herein to mitigate

12  their damages, if any, and reach an equitable settlement without the need for litigation due their

13  reckless violation of The Fair Debt Collection Practices Act by accessing Plaintiff's credit report

14  without permissible purposes per 15 U.S.C. § 1692 et seq.

15      34.    Defendants failed to answer Plaintiff's request and failed to delete the credit

16  inquiries to avoid further damage to Plaintiff's credit reports.

17      35.    To date, after multiple correspondence, Defendants still continues to maintain the

18  record of unauthorized credit inquiries and entries on Plaintiff's records.

19      36.    As a result of Defendants' conduct, Plaintiff has suffered:

20          a.    Actual damages and serious financial harm arising from monetary losses

21      relating to denials of potential new credit, loss of use of funds, loss of potential credit and

22  loan opportunities, excessive and/or elevated interest rate and finance charges;

23          b.    Emotional distress and mental anguish associated with having her credit

24      information unlawfully reviewed and having derogatory information transmitted about

25      Plaintiff to other people both known and unknown;

26
27
28

COMPLAINT FOR VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT AND FOR
VIOLATIONS OF THE FAIR CREDIT REPORTING ACT

c.    Decreased credit score and thereby potential creditworthiness, which directly results in an inability to obtain credit, employment, or housing on future attempts.

37.    All violations complained herein occurred within the statute of limitations of the applicable federal statutes.

## SECOND CAUE OF ACTION FOR VIOLATIONS OF FCRA

Plaintiff, KATHY QUYNH LEE, alleges that the foregoing events, starting from the date of discovery of the credit inquiries made by Defendant, LVNV FUNDING, LLC, ASSIGNEE OF BANK OF AMERICA FUNDING, LLC, ASSIGNEE OF BANK OF AMERICA, THE MOORE LAW GROUP, A PROFESSIONAL CORPORATION: HARVEY M. MOORE, ESQ., SHELIA SHAHRIYARPOUR, ESQ., THE BRACHFELD LAW GROUP: ERICA L. BRACHFELD, ESQ. which is the subject of this complaint, occurred within the past year.

23.    On September 7, 2012, Plaintiff obtained her consumer reports from TransUnion, Experian, and Equifax and was shocked to find that Defendant had placed inaccurate and derogatory information in Plaintiff's TransUnion, Experian, and Equifax consumer report regarding a non-existent alleged debt Defendant was attempting to collect on 09/07/2012 without Plaintiff's knowledge or authorization.

24.    TransUnion, Experian, Equifax are consumer reporting agencies within the meaning of FCRA, 15 U.S.C. § 1681a(f).

25.    Consumer report is a consumer report within the meaning of the FCRA, 15 U.S.C. §1681a(d).

26.    Upon research and review of company's profile available online, Plaintiff learned that Defendant is a collection agency that are in the business of collecting consumer debts.

27.    Upon information and belief, at some point Defendant must have tried to purchase debts alleged to be owed by Plaintiff, considered purchasing debts alleged to be owed by Plaintiff, been assigned debts alleged to be owed by Plaintiff, or looked into Plaintiff's history as a potential debtor for overdue and unsatisfied account balances to collect on. At no point prior to the credit

reviews did Plaintiff know of any such debts confirmed or alleged by Defendant to be the responsibility of the Plaintiff.

28.     Defendant violated 15 U.S.C. §1681 by running credit inquiries into Plaintiff's consumer credit reports maintained by and with one or more of the three major credit reporting agencies, Experian, Equifax and TransUnion, without Plaintiff's knowledge or authorization, and without having permissible purposes for conducting a credit review as defined under 15 U.S.C. § 1681b.

29.     Specifically, on 09/07/2012, Defendant violated 15 U.S.C. §1681, by pulling Plaintiff's consumer credit reports without the knowledge or consent of Plaintiff.  Plaintiff had not requested reports from the Defendant for purpose of extending credit, employment, insurance underwriting, or any other purposes allowed under this section.  Defendant credit reviews resulted in credit inquiries, which are reflecting on Plaintiff's credit reports until today (see Exhibit A).

30.     At or about the time Defendants initiated the credit pulls of Plaintiff's consumer report:

    a.     Plaintiff did not authorize consumer reporting agency to furnish her consumer report to Defendants;

    b.     Plaintiff did not authorize Defendants to obtain her consumer reports from consumer reporting agencies;

    c.     Plaintiff did not apply for any credit, loans, or services with Defendants;

    d.     Plaintiff did not have any contractual relationship for credit, loans or services with Defendants;

    e.     Plaintiff did not owe any debts to the Defendants;

    f.     Plaintiff did not owe any debt as the result of a judgment to any Defendants;

    g.     Plaintiff did not apply for any employment with Defendants

    h.     Plaintiff did not apply for any insurance with Defendants.

    i.     Plaintiff did not have any existing account(s) within the meaning of the Electronic Fund Transfer Act ("EFTA")  § 903(2), pursuant to 15 U.S.C. § 1681a(f)(4)

COMPLAINT FOR VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT AND FOR
VIOLATIONS OF THE FAIR CREDIT REPORTING ACT

"the term 'account' means a demand deposit, savings deposit, or other asset account (other than an occasional or incidental credit balance in an 'open end credit plan' as defined in §1602(i) of this title), as described in regulations of the Board, established primarily for personal, family, or household purposes, but such term does not include an account held by a financial institution pursuant to a bona fide trust agreement…the terms 'open end credit plan' and 'open end consumer credit plan' mean a plan under which the creditor reasonably contemplates repeated transactions, which prescribes the terms of such transactions, and which provides for a finance charge which may be computed from time to time on the outstanding unpaid balance" or credit obligation with Defendants;

j.     Plaintiff did not issue any order to credit reporting agencies to furnish Plaintiff's consumer report to Defendants;

k.     No head of state or local child support enforcement agency requested credit reporting agencies to provide Plaintiff's consumer reports to Defendants;

l.     No agency administering a state plan under § 454 of the social security act (42 U.S.C. § 654) requested credit reporting agencies to provide Plaintiff's consumer report to Defendant;

m.     Plaintiff did not apply for any license or other benefit granted by a government instrumentality through Defendants;

n.     Plaintiff did not receive any "firm offer of credit or insurance" from Defendants.

31.     Defendants violated 15 U.S.C. § 1681 by ignoring Plaintiff's written disputes and requests for proof that the credit inquiries were run for a purpose recognized by law.

32.     Defendants conducted the above described credit reviews of Plaintiff's records without communicating to her any debts and confirming the validity of any such alleged debts, even if such alleged debts did exist and were in its possession for collections.

33.     Based on information and belief, Defendants had no lawful purpose for requesting,

obtaining, and using Plaintiff's consumer report from TransUnion, Equifax, and Experian on 09/07/12. Therefore, Defendants request, acquisition, and use of Plaintiff's consumer report was in violation of the FCRA, 15 U.S.C 15 § 1681b(f).

34.     Defendants failure to comply with the FCRA when it requested, obtained, and used Plaintiff's TransUnion, Equifax, and Experian consumer report on 09/07/12, was willful, as contemplated under 15 U.S.C. § 1681n under the FCRA.  Defendant said conduct damaged Plaintiff.

35.     In the alternative, Defendants failure to comply with the FCRA when it requested, obtained, and used Plaintiff's consumer report on 09/07/12 was negligent, as contemplated under 15 U.S.C. § 1681o of the FCRA.  Defendants said conduct damaged Plaintiff.

36.     On March 20, 2013, Plaintiff sent letters to each credit reporting agency, via United States Postal Service -TransUnion Consumer Solutions, Equifax Credit Information Services, Inc; and Experian Corporation, regarding LVNV FUNDING Acc# 854616XXXX (Exhibit A), addressing the unauthorized credit reviews and requesting deletion of the credit inquiries from Plaintiff's credit files, unless Defendant could provide and support a justifiable purpose for conducting the disputed credit reviews.  A letter of validation of debt was sent to LVNV FUNDING on March 20, 2013 (Exhibit B). A letter of validation of debt was sent to AMERICAN EXPRESS on March 20, 2013 (Exhibit C).  On June 1, 2013, A second demand letter of validation of debt was sent to LVNV FUNDING (Exhibit D).

37.     Plaintiff's numerous letters was an effort to mitigate damages and reach a settlement prior to litigation for their violation of The Fair Credit Reporting Act by accessing Plaintiff's credit report without permissible purposes per 15 U.S.C. § 1681 et seq.

38.     Discovery of Defendant violation of the FCRA, 15 U.S.C § 1681b(f) occurred on 09/07/12, and is within the statute of limitations as defined by the FCRA, 15 U.S.C § 1681p.

COMPLAINT FOR VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT AND FOR
VIOLATIONS OF THE FAIR CREDIT REPORTING ACT

## CLAIMS FOR RELIEF

### VIOLATION OF 15 U.S.C. §1692

38.    Plaintiff re-alleges and incorporates by reference each and every allegation contained in each and every aforementioned paragraph as though fully set forth herein.

39.    In committing the acts against Plaintiff as alleged above, Defendants subjected Plaintiff to unfair debt collection practices.  Their violations include at least the following:

   a.    Failing to provide notice of debts to Plaintiff, complete with all required disclosures per 15 U.S.C. § 1692e(11)

   b.    Failing to provide written notices of Plaintiff's right to verification and information about their alleged debts, per 15 U.S.C. §1692g(a)

   c.    Using false representation and deceptive means to collect or attempt to collect an alleged debt, in violation of 15 U.S.C. §1692e(10);

   d.    Using unfair and unconscionable means to collect an alleged debt, in violation of 15 U.S.C. § 1692k;

   e.    Falsifying the character, amount and legal status of the alleged debt violating 15 U.S.C. §1692e(2)(A)

   f.    Collecting of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law, in violation of 15 U.S.C. §1692f(1);

   g.    Continuing collection activity after receiving notice of dispute, and failed to provide written  validation of debt before resuming collection activities, in violation of 15 U.S.C.§1692g(b).

40.    As a consequence of such violations, Plaintiff has sustained special and general damages according to proof, in addition to attorney's fees and costs as determined by the court pursuant to 15 U.S.C. §1692k.

COMPLAINT FOR VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT AND FOR VIOLATIONS OF THE FAIR CREDIT REPORTING ACT

1

## PRAYER FOR RELIEF

2
WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

3
1.    For statutory damages pursuant to 15 U.S.C. §1692k.

4
2.    For punitive damages that would include any adverse ruling in state court.

5
3.    For Plaintiff's costs in this action.

6
4.    For reasonable attorney's fees incurred herein.

7
5.    For such other and further relief as the Court may deem just and proper.

8

## JURY TRIAL DEMAND

9
Plaintiff demands a trial by jury on all issues.

10

11
Dated this 24TH day of July, 2013

12

13
By: _____

14
Kathy Q Lee
Plaintiff, Pro Se

15

16

17

18

19

20

21

22

23

24

25

26

27

28

16
COMPLAINT FOR VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT AND FOR
VIOLATIONS OF THE FAIR CREDIT REPORTING ACT

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT "A"

## Removal of Inaccurate Information

Kathy Quynh Lee
10291 Trask Ave, Garden Grove, CA 92843

Equifax Credit Information Services, Inc
P.O. Box 740241
Atlanta, GA 30374

March 20,2013

Dear Credit Bureau,

This letter is a formal complaint that you are reporting inaccurate credit information.

I am very distressed that you have included the below information in my credit profile due to its damaging effects on my good credit standing. As you are no doubt aware, credit reporting laws ensure that bureaus report only accurate credit information. No doubt the inclusion of this inaccurate information is a mistake on either your or the reporting creditor's part. Because of the mistakes on my credit report, I have been wrongfully denied credit recently, which was highly embarrassing and has negatively impacted my lifestyle.

The following information therefore needs to be verified and deleted from the report as soon as possible:

LVNV Funding Acc# 854616XXX

I have no contract nor have had any contract with LVNV FUNDING Bank of America Assignee, and would like to know exactly the process used by Equifax to verify this account balances and payment history. I believe they are incorrect and would like for this issue to be fixed ASAP.
Please provide me with a description of the investigation procedure for all items. Please provide me with the source of information for all items..Thank you for your cooperation in advance.
Also, please provide me with an update of my credit report indicating all changes that have been made

Sincerely,

Kathy Quynh Le

Enclosures: DL/SSC

**Removal of Inaccurate Information**

Kathy Quynh Lee
10291 Trask Ave, Garden Grove, CA 92843

TransUnion Consumer Solutions
P.O. Box 2000
Chester, PA 19022-2000

March 20,2013

Dear Credit Bureau,

This letter is a formal complaint that you are reporting inaccurate credit information.

I am very distressed that you have included the below information in my credit profile due to its damaging effects on my good credit standing. As you are no doubt aware, credit reporting laws ensure that bureaus report only accurate credit information. No doubt the inclusion of this inaccurate information is a mistake on either your or the reporting creditor's part. Because of the mistakes on my credit report, I have been wrongfully denied credit recently, which was highly embarrassing and has negatively impacted my lifestyle.

The following information therefore needs to be verified and deleted from the report as soon as possible:

Midland Funding Acc# 854616XXX

I have no contract nor have had any contract with LVNV FUNDING Bank of America Assignee, and would like to know exactly the process used by TransUnion to verify this account balances and payment history.  I believe they are incorrect and would like for this issue to be fixed ASAP.
Please provide me with a description of the investigation procedure for all items. Please provide me with the source of information for all items..Thank you for your cooperation in advance.
Also, please provide me with an update of my credit report indicating all changes that have been made

Sincerely,


Kathy Quynh Le


Enclosures: DL/SSC

## Removal of Inaccurate Information

Kathy Quynh Lee
10291 Trask Ave, Garden Grove, CA 92843

Experian
PO Box 2002
Allen, TX 75013

Dear Credit Bureau,

This letter is a formal complaint that you are reporting inaccurate credit information.

I am very distressed that you have included the below information in my credit profile due to its damaging effects on my good credit standing. As you are no doubt aware, credit reporting laws ensure that bureaus report only accurate credit information. No doubt the inclusion of this inaccurate information is a mistake on either your or the reporting creditor's part. Because of the mistakes on my credit report, I have been wrongfully denied credit recently, which was highly embarrassing and has negatively impacted my lifestyle.

The following information therefore needs to be verified and deleted from the report as soon as possible:

LVNV Funding Acc# 854616XXX


I have no contract nor have had any contract with LVNV FUNDING Bank of America Assignee, and would like to know exactly the process used by Experian to verify this account balances and payment history. I believe they are incorrect and would like for this issue to be fixed ASAP.
Please provide me with a description of the investigation procedure for all items. Please provide me with the source of information for all items..Thank you for your cooperation in advance.
Also, please provide me with an update of my credit report indicating all changes that have been made

Sincerely,


Kathy Quynh Le


Enclosures: DL/SSC

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT "B"

# DEMAND FOR VALIDATION OF DEPOSIT OF ALLEGED LOAN/CREDIT
# TO CURE DEFECT IN CLAIM / SETTLEMENT OFFER
03/20/2013

NOTICE TO AGENT IS NOTICE TO PRINCIPAL, NOTICE TO PRINCIPAL IS NOTICE TO AGENT

## 1st DEMAND WRITING

Kathy Quynh Lee
1029 Trask Ave
Garden grove, CA 92843

LVNV Funding LLC,
P.O Box 10497
Greenville, Sc 29603

Re:  **Demand to Cure Defect in Defendant's Claim**
     **Ref: Case# 30-2012-00571645**

Attention Legal Department

This is not a refusal to pay but a notice that your claim is disputed and a <u>Request For Validation</u> of your claim, made pursuant to the Fair Debt Collection Practices Act (15 USC § 1692 et seq.), to which I am entitled per U.C.C. § 3-501(b), so that I may determine the validity of your claim.

**<u>WITH THIS WRITING, I GIVE NOTICE AND DEMAND PROOF OF PLAINTIFF'S ACCOUNT THAT FUNDED / ORIGINATED THE ALLEGED "LOAN" OR "ISSUED CREDIT" FOR WHICH YOU CLAIM I OWE A DEBT AND CURE THE EXISTING DEFECTS IN YOUR CLAIM.</u> <u>I demand PROOF/EVIDENCE that the Plaintiff made a "loan" or "issued credit" from its own assets to me establishing itself as a "Creditor."</u>**

I dispute your debt collection related allegations, deny the same, and demand strict proof and verification thereof.  This dispute, denial, and demand are made in accordance with both federal and state law.

1

Until such time as you are able to provide the demanded information please consider this as a continuing formal dispute regarding all charges, finance charges, penalties and other fees related to the above alleged noted account. In the event that you are unable or unwilling to properly respond to this notice and demand, please send me a billing statement or other communication indicating a zero balance due on the account.

I look forward to receiving a Declaration in Lieu of Personal Testimony or any Declaration filed into the courts and signed by you under **Penalty of Perjury**. Should you choose to sign such a document, please take NOTICE you will be committing PERJURY as no such proof/evidence exists.

You and/or Plaintiff can choose to EITHER provide this proof/evidence now OR at trial in front of a Jury where you and your witnesses will be called and asked, under **Penalty of Perjury**, to show on and for the record <u>WHERE</u> in your alleged evidence you can demonstrate proof that Plaintiff provided its own consideration to fund the "issued credit" and be a "creditor."

If you are a <u>Third Party</u> debt collector please provide:

> a. Documentation of your authority to act in behalf of the assignor; AND

> b. Complete the enclosed "<u>DEBT COLLECTOR DISCLOSURE STATEMENT</u>".

Be aware that the attached <u>DEBT COLLECTOR DISCLOSURE STATEMENT</u> must be completed in accordance with the Fair Credit Reporting Act (15 USC §1681 et seq.), the Fair Debt Collection Practices Act (15 USC § 1692 et seq.), the applicable portions of Truth in Lending Act (15 USC § 1601 et seq.), and demands as cited above "Offer of Performance." Furthermore, please be sure to sign your response to this demand under the pains and penalties of perjury (28 USC § 1746).

<u>**Settlement Offer:**</u>

**My intentions are to lessen your organization's costs by avoiding trial and punitive damages award by a Jury.**

Foundationally, each correspondence I send you builds upon previous writings. As Plaintiff in a court of law, you carry the burden to establish standing and are required to prove your case using your own evidence, and your failure to do so results in you losing the case. *Novastar Mortgage, Inc v. Snyder 3:07CV480 (2008).*

**I AM WILLING TO RELEASE ANY AND ALL CLAIMS REGARDING YOUR INSTITUTION, PAST, PRESENT, AND FUTURE** without your institution's/organization's having admitted wrongdoing, **<u>MOREOVER, LET MY SIGNATURE BELOW SERVE AS MY FULL AGREEMENT TO CONFIDENTIALITY WITH REGARDS TO YOUR CLAIM, UPON DEPOSIT OF SAID RECOUPMENT FUNDS.</u>** A settlement avoids:

a. Public disclosure that LVNV Funding LLC, provided no "loan" or "issued credit" and is possibly committing acts of extortion;

b. Setting precedents that others can use;

c. Added cost of litigation; and

d. Punitive Damages awarded for <u>willful</u> actions (three to five times the settlement amount).

Should you decide to settle, be advised that you are to:

a. Send a money order, bank draft, or certified check payable to Kathy Q. Lee to the above address, the amount of which shall equal recoupment sum certain of $1000.00 USD for my time in document preparation (with court filing fees not included) in response to your organization filing the complaint; **AND**

b. File an immediate REQUEST FOR DISMISSAL WITH PREJUDICE in the instant case with the court; **AND**

c. Remove any and all derogatory information you transmitted to the Credit Reporting Agencies: Equifax, Experian, and TransUnion.

**<u>Default:</u>**

I will construe your failure to respond to my Demand within <u>ten (10) days</u> as a waiver of any and all claims regarding the above-listed account, and will operate as confirmation that you will take no further action with respect to the subject account per U.C.C. § 1-201(b)(17).

<u>Please limit all future communication with me to writing.</u> I will consider any telephone calls I receive from you as harassment and will be forced to file a complaint with the Attorney General's office. Please note, I maintain records of telephone calls I receive and make audio recordings when necessary.

I sign this **DEMAND on 03/20/2013** and swear that the statements I made are true and correct under the pains and penalties of perjury under the laws of the United States of America and the Laws of the State of California. *28 U.S.C. § 1746, 1.*

Sincerely,

(FIRST AND LAST NAME)

# DEBT COLLECTOR DISCLOSURE STATEMENT

*This statement and the answers contained herein may be used by Respondent, if necessary, in any court of competent jurisdiction.*

**Notice**: This Debt Collector Disclosure Statement is not a substitute for, nor the equivalent of, the herein-above requested verification of record, i.e. *"Confirmation of correctness, truth, or authenticity, by affidavit, oath, or deposition"* (Black's Law Dictionary, Sixth Edition, 1990), regarding the alleged debt, and must be completed in accord with the *Fair Credit Reporting Act*, at 15 USC § 1681 et seq., and the *Fair Debt Collection Practices Act*, at 15 USC §1692 et seq., and the applicable portions of *Truth in Lending  (Regulation--- Z)*, 12 CFR 226. Debt Collector must make all required disclosures clearly and conspicuously in writing regarding the following:

1. Name of Debt Collector:

   ........................................................................................................................

2. Address of Debt Collector:

   ........................................................................................................................

3. Name of alleged Debtor:

   ........................................................................................................................

4. Address of alleged Debtor:

   ........................................................................................................................

5. Alleged Account Number:

   ........................................................................................................................

6. Alleged debt owed:

   $.....................................................................................................................

7. Date alleged debt became payable:


   ........................................................................................................................

8. Regarding this alleged account, what is the name and address of the alleged Original Creditor, if different from Debt Collector?

   ........................................................................................................................

9. Regarding this alleged account, if Debt Collector is different from alleged Original Creditor, does Debt Collector have a bona fide affidavit of assignment for entering into alleged original contract between alleged Original Creditor and alleged Debtor?
   YES / NO

4

10. Did Debt Collector purchase this alleged account from the alleged Original Creditor?
YES / NO

11. If applicable, date of purchase of this alleged account from alleged Original Creditor, and purchase amount:

Date: …………………………………………… Amount: $……………………….

12. Did Debt Collector purchase
this alleged account from a previous debt collector?
YES / NO          N/A

13. If applicable, date of purchase of this alleged account from previous debt collector, and purchase amount:

Date: ……………………………………Amount: $………………………………………

14. Regarding this alleged account, Debt Collector is currently the:
(a) Owner; (b) Assignee; (c) Other – explain:

…………………………………………………………………………………………

…………………………………………………………………………………………

…………………………………………………………………………………………

…………………………………………………………………………………………

15. What are the terms of the transfer of rights regarding this alleged account?

…………………………………………………………………………………………

16. If applicable, transfer of rights regarding this alleged account was executed by the following method:
(a) Assignment; (b) Negotiation; (c) Novation; (d) Other – explain:

…………………………………………………………………………………………

…………………………………………………………………………………………

…………………………………………………………………………………………

…………………………………………………………………………………………

17. If the transfer of rights regarding this alleged account was by assignment, was there an equal exchange of consideration?
YES / NO          N/A

18. What was the nature and cause of the equal exchange of consideration cited in # 17 above, if your answer was YES, explain?

..................................................................................

..................................................................................

..................................................................................

19. If the transfer of rights regarding this alleged account was by negotiation, was the alleged account taken for value?
YES / NO          N/A

20. What is the nature and cause of any value cited in #19 above, if your answer was yes?

..................................................................................

..................................................................................

21. If the transfer of rights regarding this alleged account was by novation, was consent given by alleged Debtor?
YES / NO          N/A

22. What is the nature and cause of any consent cited in # 21 above, if your answer was YES

..................................................................................

..................................................................................

..................................................................................

23. Has Debt Collector provided alleged Debtor with the requisite *verification* of the alleged debt as required by the *Fair Debt Collection Practices Act*?
YES / NO

24. Date of said verification cited in # 23, which provided alleged Debtor:

Date:.................................

25. Was said verification cited in # 23 above in the form of a sworn or affirmed oath, affidavit, or deposition?
YES / NO

26. Verification cited above in # 23 above, if your answer is YES, was provided alleged Debtor in the form of:
OATH, AFFIDAVIT, DEPOSTION

27. Does the Debt Collector have any knowledge of any claim(s)/defense(s) regarding this alleged account?
YES / NO

28. What is the nature and cause of any claim(s)/defense(s) regarding this alleged account?

6

..............................................................................................................................

..............................................................................................................................

..............................................................................................................................

..............................................................................................................................

29. Was the alleged Debtor sold any products/services by Debt Collector?
    YES / NO

30. What is the nature and cause of any products/services cited above in # 29, if your answer was
    YES?

..............................................................................................................................

..............................................................................................................................

31. Does a verifiable, bona fide, original commercial instrument exist between the Debt
    Collector and the alleged Debtor containing alleged Debtor's bona fide signature?
    YES / NO

7

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT "C"

# DEMAND FOR VALIDATION OF DEPOSIT OF ALLEGED LOAN/CREDIT
## TO CURE DEFECT IN CLAIM / SETTLEMENT OFFER
### 03/20/2013

NOTICE TO AGENT IS NOTICE TO PRINCIPAL, NOTICE TO PRINCIPAL IS NOTICE TO AGENT

## 1st DEMAND WRITING

Kathy Quynh Lee
1029 Trask Ave
Garden grove, CA 92843

American Express
P.O. Box 981540
El Paso, TX 79998-1540

Re:   **Demand to Cure Defect in Defendant's Claim**
      **Ref: Case# 30-2012-00571645**

Attention Legal Department

This is not a refusal to pay but a notice that your claim is disputed and a <u>Request For Validation</u> of your claim, made pursuant to the Fair Debt Collection Practices Act (15 USC § 1692 et seq.), to which I am entitled per U.C.C. § 3-501(b), so that I may determine the validity of your claim.

<u>**WITH THIS WRITING, I GIVE NOTICE AND DEMAND PROOF OF PLAINTIFF'S ACCOUNT THAT FUNDED / ORIGINATED THE ALLEGED "LOAN" OR "ISSUED CREDIT" FOR WHICH YOU CLAIM I OWE A DEBT AND CURE THE EXISTING DEFECTS IN YOUR CLAIM.** I demand PROOF/EVIDENCE that the Plaintiff made a "loan" or "issued credit" from its own assets to me establishing itself as a "Creditor."</u>

I dispute your debt collection related allegations, deny the same, and demand strict proof and verification thereof. This dispute, denial, and demand are made in accordance with both federal and state law.

Until such time as you are able to provide the demanded information please consider this as a continuing formal dispute regarding all charges, finance charges, penalties and other fees related

1

to the above alleged noted account. In the event that you are unable or unwilling to properly respond to this notice and demand, please send me a billing statement or other communication indicating a zero balance due on the account.

I look forward to receiving a Declaration in Lieu of Personal Testimony or any Declaration filed into the courts and signed by you under **Penalty of Perjury**. Should you choose to sign such a document, please take NOTICE you will be committing PERJURY as no such proof/evidence exists.

You and/or Plaintiff can choose to EITHER provide this proof/evidence now OR at trial in front of a Jury where you and your witnesses will be called and asked, under **Penalty of Perjury**, to show on and for the record WHERE in your alleged evidence you can demonstrate proof that Plaintiff provided its own consideration to fund the "issued credit" and be a "creditor."

If you are a Third Party debt collector please provide:

      a. Documentation of your authority to act in behalf of the assignor; AND

      b. Complete the enclosed "DEBT COLLECTOR DISCLOSURE STATEMENT".

Be aware that the attached DEBT COLLECTOR DISCLOSURE STATEMENT must be completed in accordance with the Fair Credit Reporting Act (15 USC §1681 et seq.), the Fair Debt Collection Practices Act (15 USC § 1692 et seq.), the applicable portions of Truth in Lending Act (15 USC § 1601 et seq.), and demands as cited above "Offer of Performance." Furthermore, please be sure to sign your response to this demand under the pains and penalties of perjury (28 USC § 1746).

**Settlement Offer:**

**My intentions are to lessen your organization's costs by avoiding trial and punitive damages award by a Jury.**

Foundationally, each correspondence I send you builds upon previous writings. As Plaintiff in a court of law, you carry the burden to establish standing and are required to prove your case using your own evidence, and your failure to do so results in you losing the case. *Novastar Mortgage, Inc v. Snyder 3:07CV480 (2008).*

**I AM WILLING TO RELEASE ANY AND ALL CLAIMS REGARDING YOUR INSTITUTION, PAST, PRESENT, AND FUTURE** without your institution's/organization's having admitted wrongdoing, **MOREOVER, LET MY SIGNATURE BELOW SERVE AS MY FULL AGREEMENT TO CONFIDENTIALITY WITH REGARDS TO YOUR CLAIM, UPON DEPOSIT OF SAID RECOUPMENT FUNDS.** A settlement avoids:

      a. Public disclosure that LVNV Funding LLC, provided no "loan" or "issued credit" and is possibly committing acts of extortion;

    b.  Setting precedents that others can use;

    c.  Added cost of litigation; and

    d.  Punitive Damages awarded for <u>willful</u> actions (three to five times the settlement amount).

Should you decide to settle, be advised that you are to:

    a.  Send a money order, bank draft, or certified check payable to Kathy Q. Lee to the above address, the amount of which shall equal recoupment sum certain of $1000.00 USD for my time in document preparation (with court filing fees not included) in response to your organization filing the complaint; **AND**

    b.  File an immediate REQUEST FOR DISMISSAL WITH PREJUDICE in the instant case with the court; **AND**

    c.  Remove any and all derogatory information you transmitted to the Credit Reporting Agencies: Equifax, Experian, and TransUnion.

## <u>Default:</u>

I will construe your failure to respond to my Demand within <u>ten (10) days</u> as a waiver of any and all claims regarding the above-listed account, and will operate as confirmation that you will take no further action with respect to the subject account per U.C.C. § 1-201(b)(17).

<u>Please limit all future communication with me to writing.</u> I will consider any telephone calls I receive from you as harassment and will be forced to file a complaint with the Attorney General's office. Please note, I maintain records of telephone calls I receive and make audio recordings when necessary.

I sign this **DEMAND on 03/20/2013** and swear that the statements I made are true and correct under the pains and penalties of perjury under the laws of the United States of America and the Laws of the State of California. *28 U.S.C. § 1746, 1.*

Sincerely,

<u>Kathy Lee</u>

3

## DEBT COLLECTOR DISCLOSURE STATEMENT

*This statement and the answers contained herein may be used by Respondent, if necessary, in any court of competent jurisdiction.*

**Notice:** This Debt Collector Disclosure Statement is not a substitute for, nor the equivalent of, the herein-above requested verification of record, i.e. *"Confirmation of correctness, truth, or authenticity, by affidavit, oath, or deposition"* (Black's Law Dictionary, Sixth Edition, 1990), regarding the alleged debt, and must be completed in accord with the *Fair Credit Reporting Act,* at 15 USC § 1681 et seq., and the *Fair Debt Collection Practices Act,* at 15 USC §1692 et seq., and the applicable portions of *Truth in Lending (Regulation--- Z),* 12 CFR 226. Debt Collector must make all required disclosures clearly and conspicuously in writing regarding the following:

1. Name of Debt Collector:

   ....................................................................................................................

2. Address of Debt Collector:

   ....................................................................................................................

3. Name of alleged Debtor:

   ....................................................................................................................

4. Address of alleged Debtor:

   ....................................................................................................................

5. Alleged Account Number:

   ....................................................................................................................

6. Alleged debt owed:

   $....................................................................................................................

7. Date alleged debt became payable:

   ....................................................................................................................

8. Regarding this alleged account, what is the name and address of the alleged Original Creditor, if different from Debt Collector?

   ....................................................................................................................

9. Regarding this alleged account, if Debt Collector is different from alleged Original Creditor, does Debt Collector have a bona fide affidavit of assignment for entering into alleged original contract between alleged Original Creditor and alleged Debtor?
   YES / NO

4

10. Did Debt Collector purchase this alleged account from the alleged Original Creditor?
    YES / NO

11. If applicable, date of purchase of this alleged account from alleged Original Creditor, and purchase amount:

    Date: ............................................................... Amount: $..............................

12. Did Debt Collector purchase
this alleged account from a previous debt collector?
    YES / NO          N/A

13. If applicable, date of purchase of this alleged account from previous debt collector, and purchase amount:

    Date: .........................................Amount: $.............................................

14. Regarding this alleged account, Debt Collector is currently the:
    (a) Owner; (b) Assignee; (c) Other – explain:

    ...........................................................................................................

    ...........................................................................................................

    ...........................................................................................................

    ...........................................................................................................

15. What are the terms of the transfer of rights regarding this alleged account?

    ...........................................................................................................

16. If applicable, transfer of rights regarding this alleged account was executed by the following method:
    (a) Assignment; (b) Negotiation; (c) Novation; (d) Other – explain:

    ...........................................................................................................

    ...........................................................................................................

    ...........................................................................................................

    ...........................................................................................................

17. If the transfer of rights regarding this alleged account was by assignment, was there an equal exchange of consideration?
    YES / NO          N/A

18. What was the nature and cause of the equal exchange of consideration cited in # 17 above, if your answer was YES, explain?

.............................................................................................................

.............................................................................................................

.............................................................................................................

19. If the transfer of rights regarding this alleged account was by negotiation, was the alleged
account taken for value?
YES / NO        N/A

20. What is the nature and cause of any value cited in #19 above, if your answer was yes?

.............................................................................................................

.............................................................................................................

21. If the transfer of rights regarding this alleged account was by novation, was consent given by
alleged Debtor?
YES / NO        N/A

22. What is the nature and cause of any consent cited in # 21 above, if your answer was YES

.............................................................................................................

.............................................................................................................

.............................................................................................................

23. Has Debt Collector provided alleged Debtor with the requisite *verification* of the alleged debt
as required by the *Fair Debt Collection Practices Act*?
YES / NO

24. Date of said verification cited in # 23, which provided alleged Debtor:

Date:................................

25. Was said verification cited in # 23 above in the form of a sworn or affirmed oath, affidavit, or
deposition?
YES / NO

26. Verification cited above in # 23 above, if your answer is YES, was provided alleged Debtor
in the form of:
OATH, AFFIDAVIT, DEPOSTION

27. Does the Debt Collector have any knowledge of any claim(s)/defense(s) regarding this
alleged account?
YES / NO

28. What is the nature and cause of any claim(s)/defense(s) regarding this alleged account?

6

....................................................................................................................
....................................................................................................................
....................................................................................................................
....................................................................................................................

29. Was the alleged Debtor sold any products/services by Debt Collector?
    YES / NO

30. What is the nature and cause of any products/services cited above in # 29, if your answer was
    YES?
    ....................................................................................................................
    ....................................................................................................................

31. Does a verifiable, bona fide, original commercial instrument exist between the Debt
    Collector and the alleged Debtor containing alleged Debtor's bona fide signature?
    YES / NO

7

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

# EXHIBIT "D"

27
28

Kathy Quynh Lee
10291 Trask Ave
Garden Grove, CA 92843


LVNV Funding LLC, Assignee of Bank of America
880 Apollo St., Suite 155
elSegundo, CA 90245

June 1, 2013

Re: Case No. 30-2012-00571645

To Whom It May Concern:

This letter is being sent to you in response to My First Demand letter
I sent out on March 20, 2013.Please be advice this is my
second(2nd)Demand in writing. This notice being sent pursuant to the
Fair Debt Collection Practices Act, 15 USC 1692g Sec. 809 (a)(b) that
your claim is disputed and validation is requested.

This is NOT a request for "verification" or proof of my mailing
address, but a request for VALIDATION made pursuant to the above named
Title and Section. I respectfully request that your offices provide me
with competent evidence that I have any legal obligation to pay you.

Please provide me with the following:

What the money you say I owe is for;
Explain and show me how you calculated what you say I owe;
Provide me with copies of any papers that show I agreed to pay what
you say I owe;
Provide a verification or copy of any judgment if applicable;
Identify the original creditor;
Prove the Statute of Limitations has not expired on this account
Show me that you are licensed to collect in my state
Provide me with your license numbers and Registered Agent

At this time I will also inform you that if your offices have reported
invalidated information to any of the 3 major Credit Bureau's
(Equifax, Experian or TransUnion)Which they have! this action might
constitute fraud under both Federal and State Laws. Due to this fact,
if any negative mark is found on any of my credit reports by your
company or the company that you represent, which you have. I will not
hesitate in bringing legal action against you for the following:


Violation of the Fair Credit Reporting Act
Violation of the Fair Debt Collection Practices Act
Defamation of Character
If your offices are able to provide the proper documentation as
requested in the following Declaration, I will require at least 30

days to investigate this information and during such time all
collection activity must cease and desist.

Also during this validation period, if any action is taken which could
be considered detrimental to any of my credit reports, I will consult
with my legal counsel for suit. This includes any listing any
information to a credit reporting repository that could be inaccurate
or invalidated or verifying an account as accurate when in fact there
is no provided proof that it is.

If your offices fail to respond to this validation request within 10
days from the date of your receipt, all references to this account
must be deleted and completely removed from my credit file and a copy
of such deletion request shall be sent to me immediately.

I would also like to request, in writing, that no telephone contact be
made by your offices to my home or to my place of employment. If your
offices attempt telephone communication with me, including but not
limited to computer generated calls and calls or correspondence sent
to or with any third parties, it will be considered harassment and I
will have no choice but to file suit. All future communications with
me MUST be done in writing and sent to the address noted in this
letter by USPS.

It would be advisable that you assure that your records are in order
before I am forced to take legal action. This is an attempt to correct
your records, any information obtained shall be used for that purpose.

Best Regards,

Kathy Lee

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY


This case has been assigned to District Judge <u>Beverly Reid O'Connell</u> and the assigned discovery Magistrate Judge is <u>Stephen J. Hillman</u>.

The case number on all documents filed with the Court should read as follows:


### SACV13-01131 BRO (SHx)


Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.


All discovery related motions should be noticed on the calendar of the Magistrate Judge.


### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

**Subsequent documents must be filed at the following location:**

| ☑ **Western Division** | ☐ **Southern Division** | ☐ **Eastern Division** |
|---|---|---|
| **312 N. Spring St., Rm. G-8** | **411 West Fourth St., Rm 1-053** | **3470 Twelfth St., Rm. 134** |
| **Los Angeles, CA 90012** | **Santa Ana, CA 92701-4516** | **Riverside, CA 92501** |

**Failure to file at the proper location will result in your documents being returned to you.**

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

**I. (a) PLAINTIFFS** ( Check box if you are representing yourself [X] )

KATHY QUYNH LEE

**DEFENDANTS** ( Check box if you are representing yourself [ ] )

AMERICAN EXPRESS BANK; AND LVNV FUNDING, LLC ASSIGNEE OF BANK OF AMERICA, THE MOORE LAW GROUP, A PROFESSIONAL CORPORATION: HARVEY M. MOORE, ESQ., SHELIA SHAHRIYARPOUR, ESQ., THE BRACHFELD LAW GROUP: ERICA L BRACHFELD, ESQ.

**(b) Attorneys** (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)
Elias Jimenez
6725 8th St.
Buena Park, CA 90620
(562) 756-1701

**(b) Attorneys** (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)
THE MOORE LAW GROUP, A PROFESSIONAL CORPORATION: HARVEY M. MOORE, ESQ., SHELIA SHAHRIYARPOUR, ESQ., 3710 S Susan St, Santa Ana, CA 92704 (800) 506-2652. THE BRACHFELD LAW GROUP: ERICA L BRACHFELD, ESQ. 880 Apollo Street, Suite 155 El Segundo, CA 90245

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

[ ] 1. U.S. Government Plaintiff
[X] 3. Federal Question (U.S. Government Not a Party)
[ ] 2. U.S. Government Defendant
[ ] 4. Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES**-For Diversity Cases Only (Place an X in one box for plaintiff and one for defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated or Principal Place of Business in this State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business in Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

**IV. ORIGIN** (Place an X in one box only.)

[X] 1. Original Proceeding
[ ] 2. Removed from State Court
[ ] 3. Remanded from Appellate Court
[ ] 4. Reinstated or Reopened
[ ] 5. Transferred from Another District (Specify)
[ ] 6. Multi-District Litigation

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** [X] Yes [ ] No (Check "Yes" only if demanded in complaint.)

**CLASS ACTION under F.R.Cv.P. 23:** [ ] Yes [X] No     [ ] MONEY DEMANDED IN COMPLAINT: $ _____

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
VIOLATIONS OF THE FAIR CREDIT REPORTING ACT 15 U.S.C. 1681

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | REAL PROPERTY CONT. | IMMIGRATION | PRISONER PETITIONS | PROPERTY RIGHTS |
|---|---|---|---|---|---|
| [ ] 375 False Claims Act | [ ] 110 Insurance | [ ] 240 Torts to Land | [ ] 462 Naturalization Application | **Habeas Corpus:** | [ ] 820 Copyrights |
| [ ] 400 State Reapportionment | [ ] 120 Marine | [ ] 245 Tort Product Liability | [ ] 465 Other Immigration Actions | [ ] 463 Alien Detainee | [ ] 830 Patent |
| [ ] 410 Antitrust | [ ] 130 Miller Act | [ ] 290 All Other Real Property | | [ ] 510 Motions to Vacate Sentence | [ ] 840 Trademark |
| [ ] 430 Banks and Banking | [ ] 140 Negotiable Instrument | **TORTS** | **TORTS** | [ ] 530 General | **SOCIAL SECURITY** |
| [ ] 450 Commerce/ICC Rates/Etc. | [ ] 150 Recovery of Overpayment & Enforcement of Judgment | **PERSONAL INJURY** | **PERSONAL PROPERTY** | [ ] 535 Death Penalty | [ ] 861 HIA (1395ff) |
| [ ] 460 Deportation | | [ ] 310 Airplane | [ ] 370 Other Fraud | **Other:** | [ ] 862 Black Lung (923) |
| [ ] 470 Racketeer Influenced & Corrupt Org. | [ ] 151 Medicare Act | [ ] 315 Airplane Product Liability | [ ] 371 Truth in Lending | [ ] 540 Mandamus/Other | [ ] 863 DIWC/DIWW (405 (g)) |
| [X] 480 Consumer Credit | [ ] 152 Recovery of Defaulted Student Loan (Excl. Vet.) | [ ] 320 Assault, Libel & Slander | [ ] 380 Other Personal Property Damage | [ ] 550 Civil Rights | [ ] 864 SSID Title XVI |
| [ ] 490 Cable/Sat TV | | [ ] 330 Fed. Employers' Liability | [ ] 385 Property Damage Product Liability | [ ] 555 Prison Condition | [ ] 865 RSI (405 (g)) |
| [ ] 850 Securities/Commodities/Exchange | [ ] 153 Recovery of Overpayment of Vet. Benefits | [ ] 340 Marine | **BANKRUPTCY** | [ ] 560 Civil Detainee Conditions of Confinement | **FEDERAL TAX SUITS** |
| [ ] 890 Other Statutory Actions | [ ] 160 Stockholders' Suits | [ ] 345 Marine Product Liability | [ ] 422 Appeal 28 USC 158 | **FORFEITURE/PENALTY** | [ ] 870 Taxes (U.S. Plaintiff or Defendant) |
| [ ] 891 Agricultural Acts | | [ ] 350 Motor Vehicle | [ ] 423 Withdrawal 28 USC 157 | [ ] 625 Drug Related Seizure of Property 21 USC 881 | [ ] 871 IRS-Third Party 26 USC 7609 |
| [ ] 893 Environmental Matters | [ ] 190 Other Contract | [ ] 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | [ ] 690 Other | |
| [ ] 895 Freedom of Info. Act | [ ] 195 Contract Product Liability | [ ] 360 Other Personal Injury | [ ] 440 Other Civil Rights | **LABOR** | |
| [ ] 896 Arbitration | [ ] 196 Franchise | [ ] 362 Personal Injury-Med Malpratice | [ ] 441 Voting | [ ] 710 Fair Labor Standards Act | |
| [ ] 899 Admin. Procedures Act/Review of Appeal of Agency Decision | **REAL PROPERTY** | [ ] 365 Personal Injury-Product Liability | [ ] 442 Employment | [ ] 720 Labor/Mgmt. Relations | |
| | [ ] 210 Land Condemnation | [ ] 367 Health Care/Pharmaceutical Personal Injury Product Liability | [ ] 443 Housing/Accomodations | [ ] 740 Railway Labor Act | |
| [ ] 950 Constitutionality of State Statutes | [ ] 220 Foreclosure | [ ] 368 Asbestos Personal Injury Product Liability | [ ] 445 American with Disabilities-Employment | [ ] 751 Family and Medical Leave Act | |
| | [ ] 230 Rent Lease & Ejectment | | [ ] 446 American with Disabilities-Other | [ ] 790 Other Labor Litigation | |
| | | | [ ] 448 Education | [ ] 791 Employee Ret. Inc. Security Act | |

**FOR OFFICE USE ONLY: Case Number:** SACV13-01131 BRO (SHx)

AFTER COMPLETING PAGE 1 OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED ON PAGE 2.

CV-71 (02/13)      CIVIL COVER SHEET      Page 1 of 2

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed?   ☒ NO   ☐ YES

If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case?   ☒ NO   ☐ YES

If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:

(Check all boxes that apply)   ☐ A. Arise from the same or closely related transactions, happenings, or events; or

☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or

☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or

☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.

☐ Check here if the government, its agencies or employees is a named plaintiff.  If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Central District of California <br> *Orange County* | |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.

☐ Check here if the government, its agencies or employees is a named defendant.  If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| CENTRAL DISTRICT OF CALIFORNIA | SOUTHERN DISTRICT OF CALIFORNIA |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
**NOTE: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Central District of California <br> *Orange County* | SOUTHERN DISTRICT OF CALIFORNIA, |

**\*Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
**Note:** In land condemnation cases, use the location of the tract of land involved

**X. SIGNATURE OF ATTORNEY (OR SELF-REPRESENTED LITIGANT):** _____   DATE: 7/25/13

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405 (g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |